UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

COLONDRO DEWAYNE PETERS,

    Plaintiff,

v.                                  Case No. 3:19cv11-RV-HTC

COMMISSION TECHNICIAN KEMP,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte*. Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 12. The undersigned has screened the complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and respectfully recommends that this case be dismissed under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii). Specifically, Plaintiff seeks to sue "Commission Technician Kemp" for the Florida Commission on Offender Review's failure to provide Plaintiff with timely notice of its parole decision. Plaintiff, however, fails to assert any factual allegations as to Kemp. Indeed, other than identifying Kemp as a defendant, Plaintiff does not mention Kemp in the factual allegations of his complaint. Moreover, it is well settled that the

Florida parole statutes do not create a protectable liberty interest. Thus, Plaintiff's amended complaint fails to state a claim on which relief may be granted

## I. Background

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC"), currently confined at Blackwater River Correctional Facility. In this suit, Plaintiff alleges a denial of due process resulting from the Florida Commission on Offender Review's ("Commission") alleged failure to provide him 30-days' notice of its decision regarding his parole revocation in time for him to challenge it. Initially, Plaintiff sued only the Commission. Upon the Court's review of the original complaint, the Court warned Plaintiff that the complaint failed to state a cause of action against the Commission. ECF Doc. 11.

The Court instructed Plaintiff that Florida's parole statutes do not create a liberty interest because the Florida Parole Commission (now the Florida Commission on Offender Review)[1] retains discretion over whether to grant parole. The Court also instructed Plaintiff that, because the protections of the Due Process Clause do not arise without a protectable liberty interest, Plaintiff failed to state a viable Fourteenth Amendment claim. *Id.* at 4. Because of Plaintiff's *pro se* status, the Court allowed him a chance to voluntarily dismiss his claims or to file an

---

[1] The name of the Florida Parole Commission was changed on July 1, 2014, to the Florida Commission on Offender Review. *See* ch. 2014-191, Laws of Fla.

Case No. 3:19cv11-RV-HTC

amended complaint resolving these deficiencies. Plaintiff, however, failed to cure the deficiencies. Indeed, other than replacing the Commission with Kemp, Plaintiff's amended complaint is virtually identical to his original complaint.

The Court accepts all well pleaded factual allegations of the amended complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). In Plaintiff's amended complaint, Plaintiff sues one defendant, "Commission Technician Kemp," under 42 U.S.C. § 1983. ECF Doc. 12 at 1-2. Nowhere in the statement of facts or statement of claims, however, does Plaintiff explain who Commission Technician Kemp is or any role he played in the conduct alleged in the amended complaint. Instead, Plaintiff claims that after he was arrested in May of 2018 for violation of his conditional release, he was interviewed by Commission Investigator John O'Donnell. *Id.* at 5. Plaintiff waived his right to a hearing. *Id.* The waiver form promised that Plaintiff would be informed of the Commissioner's decision on the violation within thirty (30) days. *Id.* The Commission rendered a decision on July 11, 2018, but Plaintiff was not informed until his fiancée contacted Mr. O'Donnell. *Id.* Mr. O'Donnell admitted that a copy of the decision was mailed only to the probation officer, not to Plaintiff. *Id.* Plaintiff claimed that he therefore "could not challenge the Commissioner's decision without being notified." *Id.* at 6. In his "Statement of Claims," Plaintiff lists only "A

violation of Plaintiff's due process rights."  For relief, Plaintiff seeks punitive damages and lost wages of $2,000 per month.  *Id.*

## II.  Analysis

### A.  28 U.S.C. 1915 Prescreening Standard

Because Plaintiff is a prisoner, the Court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The Court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings*, 29 F.3d at 1484.  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal

allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (quoting *Iqbal*, 556 U.S. at 679)).

## B. Due Process Claims Relating to Parole or Conditional Release

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "some person, acting under color of state law, deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Blanton v. Griel Mem'l Psychiatric Hosp.*, 758 F.2d 1540, 1542 (11th Cir. 1985) (internal marks omitted); 42 U.S.C. § 1983. Here, Plaintiff asserts a claim under the Fourteenth Amendment based on an alleged due process violation.

"The Due Process Clause of the Fourteenth Amendment provides that no state shall 'deprive any person of life, liberty, or property, without due process of law.'" *Harrell v. Fla. Parole Com'n*, 479, F. App'x 234, 236 (11th Cir. 2012) (quoting U.S. Const. amend. XIV, § 1). "Generally, due process is violated when the state deprives a person of a protected liberty interest through a constitutionally inadequate process." *Id.* "There is no federal constitutional right to parole." *Id.* "However, a state may establish a protected liberty interest in parole by creating a legitimate expectation of parole." *Id.*

"Florida's parole statutes do not create a liberty interest because the Florida Parole Commission retains discretion over whether to grant or deny parole."[2] *Id.* "Because the protections of the Due Process Clause do not arise without a protectable liberty interest," Plaintiff has failed to state a viable Fourteenth Amendment claim. *Sultenfuss v. Snow*, 35 F.3d 1494, 1503 (11th Cir. 1994). In other words, if there is no liberty interest in parole, the Defendant cannot be held liable under § 1983 for procedural issues pertaining thereto. *See Robinson v. Satz*, 260 F. App'x 209 (11th Cir. 2007) (holding that "[b]ecause Florida's parole statutes are discretionary, [plaintiff] has no constitutional right to parole, and due process does not apply to the state's procedures for deciding whether to grant him parole"); *Thomas v. Sellers*, 601 F.2d 487 (11th Cir. 1982) (holding, in case in which plaintiff alleged a due process violation based on the Alabama Board of Pardons and Paroles' failure to provide notice that it changed the date of his hearing, that because "the Alabama parole statutes do not create a liberty interest and the appellant has failed to show arbitrary or capricious action on the part of the Alabama Board of Pardons and Paroles, the claims of the appellant are without merit").

---

[2] "Nonetheless, even without a protected liberty interest, a due process claim may be available if the Commission engaged in 'flagrant or unauthorized action' or treated a prisoner 'arbitrarily and capriciously' in making a parole determination, such as by knowingly or admittedly relying on false information." *Id.* (quoting *Monroe v. Thigpen*, 932 F.2d 1437, 1441-42 (11th Cir. 1991)). Plaintiff's allegations do not rise to such a level.

Case No. 3:19cv11-RV-HTC

### C.  Failure to Adequately Plead Commission Technician Kemp's Involvement

Even if Plaintiff were able to state a cause of action for failing to get timely notice of the Commission's parole decision, he has still failed to allege a cause of action against Kemp.  To survive dismissal for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*   The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal.  *Id.*; *see also* 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), that is, "across the line from conceivable to plausible." *Id.* at 570. As the Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Case No.  3:19cv11-RV-HTC

Indeed, the Court previously instructed Plaintiff that he "should clearly describe how each named defendant is involved in each alleged violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional or illegal acts." ECF Doc. 11 at 5. Plaintiff has failed to follow these instructions. Despite naming Kemp in the suit, Plaintiff has not provided any factual allegations regarding Kemp's alleged role in the events of the amended complaint. He has alleged no factual wrongdoing against Kemp specifically. Thus, Plaintiff has failed to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in violation of Federal Rule of Civil Procedure 8.

## III.   Conclusion

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), for Plaintiff's failure to state a claim on which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 15th day of July, 2019.

>   /s/ Hope Thai Cannon
>   **HOPE THAI CANNON**
>   **UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No.  3:19cv11-RV-HTC